IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK05-44623-TLS |
| MANNIX LEE WINNINGHAM, ) | A06-4021-TLS |
| d/b/a M&S TRUCKING, ) | |
| ) | CH. 7 |
| Debtor(s). ) | |
| CLARK GARTNER d/b/a GARTNER ) | |
| TRANSPORT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MANNIX WINNINGHAM d/b/a M&S ) | |
| TRUCKING; and M&S TRANSPORTATION, ) | |
| INC., a Nebraska corporation, ) | |
| ) | |
| Defendant. ) | |

ORDER

Hearing was held in Lincoln, Nebraska, on April 4, 2007, on M&S Transportation, Inc.'s motion for determination of jurisdiction and motion to dismiss (Fil. #5) and resistance by the plaintiff (Fil. #7), and on the plaintiff's motion to consolidate the debtor's estate with the estate of the non-debtor corporation (Fil. #8) and resistance by M&S Transportation, Inc. (Fil. #10). Lisa Lozano appeared for the debtor, and Thomas Zimmerman appeared for the plaintiff.

The plaintiff, an unsecured creditor owed $26,681.44, filed this adversary proceeding to except the debt from discharge under 11 U.S.C. § 523(a)(4) and to deny the debtor a discharge under 11 U.S.C. § 727(a)(2)(B).[1] The plaintiff alleges that Mr. Winningham formed a corporation a few months before filing his bankruptcy petition and used that corporation to shield assets and avoid paying debts. The corporation has moved for dismissal on the grounds that, as a non-debtor, it is not subject to the court's jurisdiction.

---

[1] The topic of whether this complaint actually alleges claims of fraudulent transfers was discussed at the hearing, but the case law in this circuit is clear that the Chapter 7 trustee is the only entity authorized to bring an avoidance action. Creditors do not have standing to assert such claims. *St. Francis County Farmers Ass'n v. Wright (In re Wright)*, 353 B.R. 627, 652-54 (Bankr. E.D. Ark. 2006) (citing *Nangle v. Lauer (In re Lauer)*, 98 F.3d 378 (8th Cir. 1996) and *Quad City Bank v. Chapman (In re Chapman Lumber Co., Inc.)*, 343 B.R. 217 (Bankr. N.D. Iowa 2006)). Therefore, the only causes of action involved in this case are those expressly stated in the complaint.

The bankruptcy court's subject-matter jurisdiction flows from 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). As set forth in 28 U.S.C. § 1334(a) and (b), bankruptcy courts (through the district courts) have exclusive jurisdiction over cases under title 11, and non-exclusive jurisdiction over civil proceedings arising under title 11 or arising in or related to cases under title 11.

The difference between "arising under" and "arising in" was illustrated by the bankruptcy court in *C & B, L.L.C. v. Grubbs Emergency Services, Inc. (In re Grubbs Construction Co.)*, 305 B.R. 476 (Bankr. W.D. Ark. 2003):

> A proceeding "arises under" title 11 if a claim asserted is created by or based on a provision of the bankruptcy code. An action by a trustee under an avoiding power would be a proceeding arising under title 11, because the trustee would be acting based on a right conferred by the bankruptcy code. A proceeding "arises in" a case under title 11 if it is not based on any right expressly created by the bankruptcy code but has no existence outside the bankruptcy case. Examples of "arising in" would be allowance or disallowance of a claim, orders in respect to obtaining credit, confirmation of plans, and orders permitting the assumption or rejection of contracts.

305 B.R. at 480 (footnotes omitted).

If jurisdiction cannot be established via the "arising in" or "arising under" prong, then jurisdiction under the "related to" prong must be considered.

> An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action, and which in any way impacts upon the handling and administration of the bankruptcy estate. In the present case, it is evident that "related to" jurisdiction is established under § 1334(b) in that the outcome of the state court action could result in liability for all of the defendants, and, thus, could conceivably effect the bankruptcy estate of defendant Grubbs.

*Id.* (footnotes omitted).

The scope of "related to" jurisdiction is fairly broad. The Eighth Circuit follows the "conceivable effect" test in determining whether a civil proceeding is related to the bankruptcy case:

> For subject matter jurisdiction to exist in a "related to" action, there must be some nexus between the civil proceeding and the Title 11 case. We have stated that for courts to assert jurisdiction over a proceeding "related to" a bankruptcy case, the proceeding must "'have some effect on the administration of the debtor's estate.'" *In re Dogpatch U.S.A., Inc.*, 810 F.2d 782, 786 (8th Cir. 1987) (*Dogpatch*) (quoting *Zweygardt v. Colorado Nat'l Bank*, 52 B.R. 229, 233 (Bankr. D. Colo. 1985)).
> We have adopted the "conceivable effect" test for determining whether a civil proceeding is related to a bankruptcy case:

> [T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in the bankruptcy. . . .
>
> An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action . . . and which in any way impacts upon the handling and administration of the bankruptcy estate.
>
> *Dogpatch*, 810 F.2d at 786 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)); *see also Abramowitz*, 999 F.2d at 1278 (interpretation of "related to" jurisdiction should promote judicial economy by facilitating resolution of all matters related to a bankruptcy case).

*Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770, 774 (8th Cir. 1995) (citations omitted).

Mr. Gartner's causes of action against the debtor, requesting a determination of the dischargeability of a particular debt and the denial of a discharge, clearly are core proceedings arising under title 11. 28 U.S.C. § 157(b)(2)(I) and (J).

The issue raised by M&S Transportation, Inc., however, is whether jurisdiction exists over it as a non-debtor defendant. The complaint alleges commingling of assets between the debtor and M&S Transportation, Inc., and a disregard of the corporate structure. The plaintiff will need to proceed on an "alter ego" theory to pierce M&S Transportation's corporate veil, but if the plaintiff prevails, it will certainly have an effect on the bankruptcy estate. If the plaintiff's action is successful, assets of the corporation could be brought into the bankruptcy estate to pay creditors. *See, e.g.*, *Randall & Blake, Inc. v. Evans (In re J. R. Canion, Jr.)*, 196 F.3d 579 (5th Cir. 1999). Therefore, M&S Transportation, Inc., need not be a debtor to be named as a defendant in an adversary proceeding in the bankruptcy court. The causes of action alleged against the non-debtor corporation are related to the bankruptcy case because the outcome of this litigation could conceivably affect the bankruptcy case. As a result, this court has subject-matter jurisdiction over the corporation.

The plaintiff has moved the court for an order consolidating the bankruptcy estate with the corporate "estate" for equitable reasons based on alleged intermingling of assets, failure to follow corporate formalities, exclusive control of the corporation by the debtor, and the debtor's use of the corporation as a façade for his individual business dealings. These allegations are factual issues to be decided in the context of the alter ego determination; granting the motion at this juncture would be premature. Moreover, from a purely procedural perspective, this Court is not aware of any legal authority for "consolidating" a non-debtor's "estate" with a debtor's estate.

IT IS ORDERED: M&S Transportation, Inc.'s motion for determination of jurisdiction and motion to dismiss (Fil. #5) is denied. The plaintiff's motion to consolidate the debtor's estate with the estate of the non-debtor corporation (Fil. #8) is also denied.

DATED:   April 12, 2007.

BY THE COURT:

 /s/ Thomas L. Saladino 
United States Bankruptcy Judge

Notice given by the Court to:
    *Lisa Lozano
    *Thomas Zimmerman
    Joseph Badami
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.