IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. BK05-44623-TLS |
| | ) | |
| MANNIX LEE WINNINGHAM, | ) | CH. 7 |
| | ) | |
|                Debtor. | ) | |
| CLARK GARTNER, | ) | ADV. NO. A06-04021-TLS |
| d/b/a Gartner Transport, | ) | |
| | ) | |
|                Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MANNIX WINNINGHAM, | ) | |
| d/b/a M&S Trucking and | ) | |
| M&S Transportation, Incorporated, | ) | |
| a Nebraska corporation, | ) | |
| | ) | |
|                Defendant. | ) | |

## **MEMORANDUM**

Trial was held in Lincoln, Nebraska, on March 6, 2008, in this adversary proceeding. The parties were granted an opportunity to submit written closing arguments, and this matter is now ready for decision. Thomas E. Zimmerman appeared for Plaintiff, and Lisa Lozano appeared for Defendant. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(I) and (J).

Plaintiff asserts that Defendant's indebtedness to Plaintiff should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2) and (4). Alternatively, Plaintiff suggests that Defendant should be denied a discharge pursuant to 11 U.S.C. § 727(a)(2)(A). For the reasons discussed below, I find that Plaintiff's claims should be denied.

*Background*

The underlying facts are, for the most part, not in dispute, and are as follows:

    1.    Plaintiff is in the trucking business. Essentially Plaintiff hires drivers to haul loads for customers.

    2.    Defendant Mannix Winningham is also in the trucking business. He had his own truck and also engaged in brokering, wherein he would arrange for another driver to haul loads for customers.

3.     Until early 2005, Mr. Winningham did business as a sole proprietorship known as "M&S Trucking." On February 25, 2005, he incorporated his business under the name of "M&S Transportation, Inc.," a corporation organized under the laws of the State of Nebraska.

4.     In the fall of 2004, Plaintiff met Mr. Winningham and they began what was referred to as a "double-brokering" arrangement. Essentially, Mr. Winningham would arrange for a load to be hauled for one of his customers. After arranging a load, Mr. Winningham would have Plaintiff arrange for one of Plaintiff's drivers to actually haul the load that Mr. Winningham secured. Mr. Winningham was responsible for collecting payment from the customer, and was entitled to retain 7% for his services and remit the remaining 93% to Plaintiff.

5.     Plaintiff's claim against Defendant arises out of Defendant's failure to remit Plaintiff's 93% share of the payments he received under this "double-brokering" arrangement. According to Plaintiff's Complaint, the amount due from Defendant is $26,681.44. Defendant does not dispute that amount. At trial, Plaintiff explained how he recalculated the amount due and now asserts that his claim is for $27,548.37. Defendant did not substantively dispute the merits of this recalculation.

6.     After its incorporation, bank accounts for M&S Transportation, Inc. were established at Farmers & Merchants Bank and West Gate Bank. Beginning in March 2005, numerous checks made payable to Mr. Winningham's sole proprietorship, M&S Trucking, were deposited into bank accounts of M&S Transportation, Inc. The evidence indicates that 14 different checks from customers for whom Plaintiff provided hauls on behalf of Mr. Winningham, doing business as M&S Trucking, were deposited into the accounts of M&S Transportation, Inc.

7.     Defendant Mannix Winningham and his wife, Susan Winningham, are each 50% owners of M&S Transportation, Inc. They testified that for accounting purposes, they commenced operations under the corporate entity on April 1, 2005. Mr. Winningham transitioned from doing business as a sole proprietorship to doing business as a corporation. For example, in March 2005, a check was issued in the amount of $19,500.00 on the account of the sole proprietorship to purchase a trailer, but the trailer was titled in the name of the corporation. Also, the loan to purchase the trailer was made to the corporation, but the proceeds were deposited in the sole proprietorship account.

8.     Beginning around February 28, 2005, Mr. Winningham began depositing most or all of his receipts in accounts for the corporation regardless of whether the account's billing was by the sole proprietorship or by the corporation. It appears Mr. Winningham also used the corporate bank account to pay personal living expenses.

*Discussion*

11 U.S.C. § 523(a)(2) and (4) provide as follows:

>(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt –
>. . .
>(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
>>(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
>. . .
>(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]

Plaintiff's assertion that Defendant should be denied a discharge is governed by 11 U.S.C. § 727(a)(2)(A), which provides as follows:

>(a) The court shall grant the debtor a discharge, unless –
>. . .
>(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed –
>>(A) property of the debtor, within one year before the date of the filing of the petition[.]

In order to prevail, Plaintiff must show, by a preponderance of the evidence, that the debt is excepted from discharge under 11 U.S.C. § 523. *Grogan v. Garner*, 498 U.S. 279, 287-88 (1991). Further, "[t]he denial of a debtor's discharge is a 'harsh sanction,' therefore, the provisions of 11 U.S.C. § 727(a) are 'strictly construed in favor of the debtor.' The burden of proof is on the objecting party to prove each element of a section 727 Complaint by a preponderance of the evidence." *Floret, L.L.C. v. Sendecky (In re Sendecky)*, 283 B.R. 760, 763 (B.A.P. 8th Cir. 2002) (quoting *Korte v. United States (In re Korte)*, 262 B.R. 464, 471 (B.A.P. 8th Cir. 2001)).

As indicated, Plaintiff believes that the amounts owed to him by Defendant should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) or (4).

The Bankruptcy Code prohibits debtors from discharging debts "incurred on account of their fraud, embodying a basic policy animating the Code of affording relief only to an honest but unfortunate debtor." *Cohen v. de la Cruz*, 523 U.S. 213, 217 (1998) (internal citation omitted).

*Plaintiff's § 523(a)(2)(A) claim.* To establish fraud within the context of § 523(a)(2)(A), the creditor must show, by a preponderance of the evidence, that: (1) the debtor made a representation; (2) the representation was made at a time when the debtor knew the representation was false; (3) the debtor made the representation deliberately and intentionally with the intention and purpose of deceiving the creditor; (4) the creditor justifiably relied on such representation; and (5) the creditor

sustained a loss as the proximate result of the representation having been made. *Universal Bank, N.A. v. Grause (In re Grause)*, 245 B.R. 95, 99 (B.A.P. 8th Cir. 2000) (citing *Thul v. Ophaug (In re Ophaug)*, 827 F.2d 340, 342 n.1 (8th Cir. 1987), as supplemented by *Field v. Mans*, 516 U.S. 59 (1995)). In *Field v. Mans*, the Supreme Court held that § 523(a)(2)(A) requires justifiable reliance, in which "[j]ustification is a matter of the qualities and characteristics of the particular plaintiff, and the circumstances of the particular case, rather than of the application of a community standard of conduct to all cases." *Id.* at 71 (citing the Restatement (Second) of Torts § 545A cmt. b (1976)).

When assessing the debtor's knowledge that the representation was false, the court must consider the debtor's knowledge and experience. *Merchants Nat'l Bank v. Moen (In re Moen)*, 238 B.R. 785, 791 (B.A.P. 8th Cir. 1999) (citing *In re Duggan*, 169 B.R. 318, 324 (Bankr. E.D.N.Y. 1994)). The knowledge requirement can be satisfied with a finding that the debtor recklessly disregarded the truth by making the false representation under circumstances where he should have known it to be false. *Id.*

"The intent element of § 523(a)(2)(A) does not require a finding of malevolence or personal ill-will; all it requires is a showing of an intent to induce the creditor to rely and act on the misrepresentations in question." *Moen*, 238 B.R. at 791 (quoting *Moodie-Yannotti v. Swan (In re Swan)*, 156 B.R. 618, 623 n.6 (Bankr. D. Minn. 1993)). "Because direct proof of intent (i.e., the debtor's state of mind) is nearly impossible to obtain, the creditor may present evidence of the surrounding circumstances from which intent may be inferred." *Id.* (quoting *Caspers v. Van Horne (In re Van Horne)*, 823 F.2d 1285, 1287 (8th Cir. 1987)). The intent to deceive will be inferred when the debtor makes a false representation and knows or should know that the statement will induce another to act. *Id.* (quoting *Federal Trade Comm'n v. Duggan (In re Duggan)*, 169 B.R. 318, 324 (Bankr. E.D.N.Y. 1994)).

Here, the intent element is lacking. Mr. Winningham and Plaintiff had a legitimate business arrangement. Mr. Winningham certainly owes money to the Plaintiff as a result of that business arrangement. However, there is no evidence that the business arrangement, and thus the debt resulting therefrom, were the result of fraud or misrepresentation. Instead, the debt simply arose from Mr. Winningham's failure to remit Plaintiff's share of the proceeds received. That is a breach of contract, not fraud. Plaintiff made issue of the fact that Mr. Winningham incorporated his business and deposited money payable to his sole proprietorship into his corporation. However, that act does not constitute an intent to defraud and did not cause Plaintiff to have his claim. Mr. Winningham owed Plaintiff his share of the funds, regardless of whether Mr. Winningham kept the money, spent the money, or deposited it in a corporate account. Absent evidence of fraud, debts arising from contract breaches are not excepted from discharge in bankruptcy. *Lindau v. Nelson (In re Nelson)*, 357 B.R. 508, 514 (B.A.P. 8th Cir. 2006); *Integrated Practice Mgmt. v. Olson (In re Olson)*, 325 B.R. 791, 801 (Bankr. N.D. Iowa 2005).

*Plaintiff's § 523(a)(4) claim.* Section 523(a)(4) of the Bankruptcy Code excepts from discharge any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. To prevail, a plaintiff must establish by a preponderance of the evidence that a fiduciary relationship existed between the parties and that the defendant committed defalcation in the course

of that fiduciary relationship. *Int'l Fid. Ins. Co. v. Fox (In re Fox)*, 357 B.R. 770, 778 (Bankr. E.D. Ark. 2006).

Whether a relationship is a fiduciary relationship within the meaning of § 523(a)(4) is a question of federal law. *Tudor Oaks Ltd. P'ship v. Cochrane (In re Cochrane)*, 124 F.3d 978, 984 (8th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). "Acting in a fiduciary capacity" is limited in application to technical or express trusts, not to trusts that may be imposed because of the alleged act of wrongdoing from which the underlying indebtedness arose. *See Hunter v. Philpott*, 373 F.3d 873 (8th Cir. 2004) ("fiduciary" used in a strict and narrow sense in § 523(a)(4), and fiduciary status must pre-date the debt); *Barclays Am./Bus. Credit, Inc. v. Long (In re Long)*, 774 F.2d 875, 878-79 (8th Cir. 1985) (for purposes of § 523(a)(4) fraud or defalcation exception, fiduciary capacity must arise from express trust, not constructive trust or mere contractual relationship).

Section 523(a)(4) also excepts from discharge debts arising from embezzlement or larceny. "Embezzlement" is the fraudulent appropriation of property of another by a person to whom such property has been entrusted or into whose hands it has lawfully come. *Belfry v. Cardozo (In re Belfry)*, 862 F.2d 661, 662 (8th Cir. 1988). The plaintiff must establish that the debtor was not lawfully entitled to use the funds for the purposes for which they were in fact used. *Id.* To show embezzlement, the creditor has to prove that it entrusted its property to the debtor, the debtor appropriated the property for a use other than that for which it was entrusted, and the circumstances indicate fraud. *Bankers Trust Co. v. Hoover (In re Hoover)*, 301 B.R. 38, 52 (Bankr. S.D. Iowa 2003).

Here, no technical or express trust existed. Again, this was nothing more than a contractual relationship. Further, Plaintiff did not entrust any property to Mr. Winningham and, as indicated above, the evidence does not indicate fraud. Accordingly, Plaintiff's § 523(a)(4) claim must fail.

*Plaintiff's § 727(a)(2)(A) cause of action.* For this cause of action, Plaintiff asserts that Mr. Winningham should be denied a discharge because within one year prior to bankruptcy filing, he transferred assets to his corporation with the intent to defraud his creditors. Specifically, certain payments payable to the sole proprietorship were deposited into the corporate account. Further, the sole proprietorship issued a check for a trailer that was titled in the corporate name.

To succeed on a § 727(a)(2) claim, the creditor must establish by a preponderance of the evidence that the debtor committed the act complained of, resulting in transfer, removal, destruction or concealment of property belonging to the debtor or the estate, within the statutory time period, with the intent to hinder, delay, or defraud a creditor or officer of the estate. *Korte*, 262 B.R. at 472 (citing *Kaler v. Craig (In re Craig)*, 195 B.R. 443, 449 (Bankr. D.N.D. 1996)). Actual, subjective intent to hinder, delay, or defraud is a requisite element of denial of a discharge. *Dains v. Dains (In re Dains)*, ___ B.R. ___, 2008 WL 822125, at *6 (Bankr. W.D. Mo. Mar. 24, 2008) (citing *McCormick v. Sec. State Bank*, 822 F.2d 806, 808 (8th Cir. 1987)). Factors to consider in determining whether a debtor acted with intent to hinder, delay, or defraud: (1) lack or inadequacy of consideration; (2) family, friendship or other close relationship between the transferor and transferee; (3) retention of possession, benefit or use of the property in question; (4) financial

condition of the transferor prior to and after the transaction; (5) conveyance of all of the debtor's property; (6) secrecy of the conveyance; (7) existence of trust or trust relationship; (8) existence or cumulative effect of pattern or series of transactions or course of conduct after the pendency or threat of suit; (9) instrument affecting the transfer suspiciously states it is bona fide; (10) debtor makes voluntary gift to family member; and (11) general chronology of events and transactions under inquiry. *MWI Veterinary Supply Co. v. Rodgers (In re Rodgers)*, 315 B.R. 522, 531 (Bankr. D.N.D. 2004).

Again, the intent element is missing. Certainly, Defendant did the acts complained of. However, that does not mean he did so with the intent to defraud. The checks just happened to arrive at the time Mr. Winningham was transitioning from a sole proprietorship to a corporation. No evidence was presented to indicate that he did anything with the money outside the ordinary course of his business. Further, the trailer may have been purchased by a check from the sole proprietorship account, but the funds used were obtained by a loan to the corporation. In any event, the shares of the corporation became assets of the bankruptcy estate, so to the extent any such transfers added value to the corporation, they added value to the bankruptcy estate. Again, there simply is no evidence of an intent to defraud.

For each cause of action, Plaintiff had the burden of establishing fraudulent intent by a preponderance of the evidence. As discussed above, Plaintiff has not done so. Therefore, his claims must be denied.

Separate judgment to be filed.

DATED: April 16, 2008.

> BY THE COURT:
>
> /s/ Thomas L. Saladino
> United States Bankruptcy Judge

Notice given by the Court to:
    \*Thomas E. Zimmerman
    Lisa Lozano
    Joseph H. Badami
    U.S. Trustee

Movant (\*) is responsible for giving notice to other parties if required by rule or statute.